**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMY E. KOWALL,

    Plaintiff,

v.                                            Case No. 11-15454

GMAC MORTGAGE, LLC,

    Defendant.
                                          /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION
FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT"**

On December 13, 2011, Plaintiff initiated this action asserting a single violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Specifically, Plaintiff claims that Defendant obtained or used her credit report in violation of 15 U.S.C. § 1681b(f) because Defendant did not have a permissible statutory purpose. Before the court is Defendant GMAC Mortgage, LLC's ("GMAC's") "Motion for Judgment on the Pleadings or for Summary Judgment," which the court construes as a Federal Rule of Civil Procedure 56 motion. The motion has been fully briefed, and the court concludes a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). Because the undisputed facts show that Defendant obtained Plaintiff's credit report for a permissible statutory purpose, the court will grant Defendant's motion and award summary judgment to Defendant.

## I. BACKGROUND[1]

In October 2003, Plaintiff obtained a mortgage loan to finance the purchase of a residential property in Flint, Michigan. (Compl. ¶ 10, Dkt. # 1.) At the time, Homecomings Financial, a company affiliated with Defendant, held the servicing rights on the loan. (*Id.* at ¶ 11.) On September 7, 2004, Plaintiff filed a Chapter 13 bankruptcy petition, (*id.* at 12), which was ultimately discharged in July 2008 by the United States Bankruptcy Court for the Eastern District of Michigan following the completion of a Chapter 13 plan, (*id.* at 14). At some point after discharge, Plaintiff accessed her consumer credit report and realized that Defendant had been reporting a past due balance related to her mortgage loan for several years. (*Id.* at 16.) On January 30, 2010, Plaintiff's counsel informed Defendant's counsel via email that

---

[1]In her responsive brief, Plaintiff states that she generally agrees with Defendant's statement of facts, but lists eight instances in which she believes a material fact is in dispute and argues that these facts are critical to determining whether Defendant acted with the requisite degree of culpability. (Pl.'s Br. Opp'n to Def.'s Mot. Summ. J., 14-15, Dkt. # 7-1.) After reviewing the pleadings and briefs, the court concludes that each purported factual dispute is either nonexistent or not material to a determination of whether Defendant is entitled to summary judgment. Plaintiff, presumably attempting to stave off dismissal of her complaint, seeks to cast doubt on Defendant's motive for obtaining her credit report. For example, Plaintiff claims that "Defendant's intent in requesting Plaintiff's credit report" is in dispute. (*Id.* at 3.) This assertion, however, is belied by Plaintiff's own allegation in her complaint, in which she clearly states that Defendant pulled "Plaintiff's credit [report] in response to merely threatened litigation," (Compl. ¶ 23). Furthermore, other purported factual disputes have not even been challenged by Defendant or alleged in the complaint. Plaintiff claims that a dispute exists as to whether Defendant "asked Plaintiff prior to February 3, 2010, for a copy of the credit report." Yet, Defendant has not challenged Plaintiff's allegation that it did not request a report directly from her. Finally, because the court concludes that undisputed facts as alleged in the complaint show that Defendant obtained Plaintiff's credit report for permissible purpose under § 1681b(f), it is immaterial that Plaintiff believes the purported factual disputes are critical to determining whether Defendant acted negligently or willfully.

Defendant's reporting of a past due balance violated the bankruptcy court's automatic stay and discharge orders. (Email from Andrew Campbell to Deanna Swisher (Jan. 30, 2010, 12:11 EDT), Dkt. # 1-4.) Plaintiff's counsel also asked Defendant to affirmatively admit the violation. (*Id.*) After being notified of the possible violation of the bankruptcy court's orders and asked to admit to liability, Defendant obtained Plaintiff's credit report from the consumer reporting agency Experian. (Compl. ¶ 18.)

## II. STANDARD

In lieu of filing an answer to Plaintiff's complaint, Defendant has filed a motion under Rule 12 for judgment on the pleadings or for summary judgment pursuant to Rule 56. Because a Rule 12(c) motion may only be filed once the pleadings are closed, Fed. R. Civ. P. 12(c), and pleadings do not close for the purposes of such a motion until a Defendant has filed an answer to the complaint, *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006) (holding that "the pleadings are not closed until all defendants have filed an answer"); *cf. Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 367 (D. Mont. 1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy."), the court will construe the motion as a motion for summary judgment pursuant to Rule 56.

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).[2] Under Rule 56, summary judgment is

---

[2] Plaintiff appears to suggest that Defendant's motion is premature because no discovery has occurred in the case. (Pl.'s Br. Opp'n Def.'s Mot. Summ. J. 15.) Under Rule 56(d), a nonmovant claiming that a motion for summary judgment is premature must "show by affidavit or declaration that, for specified reasons, it cannot present facts

proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court "is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at 497 (quoting *Anderson*, 477 U.S. at 251-52). "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [movant] is entitled to a verdict . . . ." *Anderson*, 477 U.S. at 252.

The party seeking summary judgment has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would

---

essential to justify its opposition." Fed. R. Civ. P. 56(d). Here, Plaintiff has not filed an affidavit nor a declaration and only summarily states that she "cannot determine if the use of the report is either legal or consistent with the purposes presented to Experian." *Id.* In light of Plaintiff's decision to not utilize Rule 56(d) and the court's conclusion below that the facts as alleged by Plaintiff support a conclusion that Defendant did not violate the FCRA, Defendant's motion is not premature and any discovery in this matter would be futile.

have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita*, 475 U.S. at 587).

### III. DISCUSSION

Plaintiff contends that Defendant violated the FCRA when it obtained her credit report without a "legitimate business need." Under 15 U.S.C. § 1681b(f),

> [a] person shall not use or obtain a consumer report for any purpose unless . . . (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section1 681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Among the permitted purposes for which a report may be furnished under this provision is a "legitimate business need . . . in connection with a

5

business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i). In order to maintain a claim under § 1681(f), a plaintiff must establish the following three elements: "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 ( E.D. Mich. 2006).  A plaintiff must also "demonstrate that the defendant acted with the requisite degree of culpability—either negligence, 15 U.S.C. § 1681o(a), or willfulness, 15 U.S.C. § 1681n(a)—in order to impose civil liability under the FCRA." *Id.* Defendant does not contest the presence of the first two elements.  Thus, the only questions before the court are whether Defendant obtained or used Plaintiff's credit report for a permissible purpose under the statute, and, if not, whether Plaintiff has satisfactorily pled that Defendant acted with the required degree of culpability.

Defendant argues that a "legitimate business need" to acquire Plaintiff's credit report arose when Plaintiff's counsel sent an email on January 30, 2010, threatening legal action and demanding Defendant affirmatively admit a violation of the bankruptcy court's orders.  (Def.'s Br. Supp. Mot. Summ. J. 6, Dkt. # 5.)  According to Defendant, because Plaintiff's counsel did not attach a copy of Plaintiff's credit report—a fact Plaintiff admits in her response—to support her allegation, it had to access Plaintiff's report to confirm the truth of Plaintiff's allegation.  (*Id.*)  In support of its argument, Defendant cites *Spence v. TRW, Inc.*, 92 F.3d 380, 383 (6th Cir. 1996), arguing that *Spence* stands for the proposition that a creditor defending against a claim of false reporting of a past-due debt has a legitimate business need in accessing the report. (Def.'s Br. Supp. Mot. Summ. J. 6.)  As Plaintiff rightly points out, the issue in the instant

6

case is distinct from the issue addressed in *Spence*. There, the Sixth Circuit was charged with determining whether a consumer reporting agency violated the FCRA by furnishing a credit report to a creditor, and, here, the question is whether a creditor who obtained or used a report violated the Act. Nevertheless, the Sixth Circuit's reasoning in *Spence* is instructive. In *Spence*, a consumer reporting agency furnished the plaintiff's consumer report to MichCon after MichCon was sued by the plaintiff for falsely reporting a past-due balance to the consumer reporting agency. *Spence*, 92 F.3d at 383. The court rejected the plaintiff's argument that the consumer reporting agency violated the FCRA by providing his credit report to a creditor that did not have a "legitimate business need," observing that "[t]he filing of the lawsuit obviously gave [the consumer reporting agency] reason to believe that MichCon had a 'legitimate business need' for the report, such a need having arisen in connection with the preparation of MichCon's defense to the lawsuit." *Id.* Like MichCon, Defendant's need for Plaintiff's credit report arose from Plaintiff's allegation that Defendant was reporting a past-due debt.

Despite the clear import of the Sixth Circuit's statement in *Spence*, Plaintiff seeks to distinguish the case on two grounds. First, she argues that the holding in *Spence* was largely premised on the fact that a lawsuit had already been filed against MichCon and MichCon's legitimate business need arose from its preparation of a defense to the lawsuit. (Pl.'s Br. Opp'n to Def.'s Mot. Summ. J. 5.) In Plaintiff's view, Defendant did not have a need to prepare a defense at the time it accessed her credit report because she had merely threatened litigation and had not yet filed a lawsuit. (*Id.*) Plaintiff's counsel's email, however, tells a different story. The email did not "merely" threaten legal action as Plaintiff suggests. Instead, Plaintiff's counsel clearly requests that

7

Defendant affirmatively admit wrongdoing and suggests that once wrongdoing is admitted the only remaining issue is one of damages.  (*See* Email from Andrew Campbell to Deanna Swisher (Jan. 30, 2010, 12:11 EDT), Dkt. # 1-4 ("Would you concur that this is a discharge violation/violation of the automatic stay?  The only issue for Judge Opperman would then be to consider damages."))  Neither the court, nor Plaintiff, can reasonably expect Defendant to admit to a violation of the bankruptcy court's orders without first investigating the veracity of Plaintiff's claim.  Such an investigation, as *Spence* suggests, created a "legitimate business need" to obtain Plaintiff's credit report.

Plaintiff next argues that *Spence* lacks persuasive weight because its holding is based on a subsection of the FCRA that Congress amended in 1996.  Prior to the amendment, the FCRA permitted the furnishing of a consumer report to a person who had a "legitimate business need for the information in connection with a business transaction *involving* the consumer."  Pub. L. No. 90-321, Title IV, § 604, as amended Pub. L. 91-508, Title VI, § 601, 84 Stat. 1129 (codified as 15 U.S.C. § 1681b(3)(E)) (Oct. 26, 1970) (emphasis added).  Following amendment, the "legitimate business need" must now be "in connection with a business transaction that is *initiated* by the consumer," 15 U.S.C. § 1681b(a)(3)(F) (emphasis added), a stricter standard in that the relationship between the consumer and the creditor must have been initiated by, not merely involving, the consumer.  This distinction, however, is immaterial in this case because Plaintiff plainly avers in her complaint that she initiated a business transaction with Defendant when she obtained a mortgage loan from Defendant or its related entity, Homecomings Financial.  (*See* Compl. ¶¶ 10-11.)  Thus, the fact that a "legitimate

business need" must now arise in connection with a transaction "initiated by," not simply "involving," the consumer does not alter the court's analysis in this instance, and *Spence's* general observation that a creditor has a "legitimate business need" to obtain a consumer's credit report where the consumer has alleged that a creditor has falsely reported a past due debt is not altered by the 1996 amendment to the FCRA.

Furthermore, Plaintiff's apparent contention that Defendant did not have a "legitimate business need" under the FCRA because "Plaintiff's account had been paid and closed years prior," (Pl.'s Br. Opp'n to Def.'s Mot. Summ. J. 9), is unavailing. The United States Court of Appeals for the Fifth Circuit rejected a substantially similar argument in *Wilting v. Progressive County Mutual Insurance Co.*, 227 F.3d 474 (5th Cir. 2000). Placing particular emphasis on the fact that the defendant in *Wilting* had "obtained the credit report to comply with [a] settlement agreement by ensuring that no adverse notations relative to business dealings between the parties remained on [the plaintiff's] credit report," the Fifth Circuit rejected the plaintiff's argument that the FCRA "only allows a creditor to obtain a consumer credit report on 'existing accounts' and not for previous accounts," ultimately holding that the defendant "had a legitimate business need to obtain [a plaintiff's] credit report and make certain that no adverse notations appeared on the report." *Wilting*, 227 F.3d at 476. The court observed that "neither the [FCRA] nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship." *Id.* The reasoning of *Wilting* is persuasive. Defendant did not contravene the FCRA when it obtained the credit report in response to Plaintiff's counsel's threat of legal action and

9

demand that Defendant admit to a violation of the bankruptcy court's orders. Accordingly, Plaintiff is unable to maintain a claim under the FCRA.

Having found that Defendant did not violate the FCRA because it obtained Plaintiff's credit report for a permissible statutory purpose, the court need not address whether Defendant acted with the requisite degree of culpability.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Judgment on the Pleadings or for Summary Judgment" [Dkt. # 5] is GRANTED.

                                                    s/Robert H. Cleland
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2012, by electronic and/or ordinary mail.

                                                    s/Lisa G. Wagner
                                                    Case Manager and Deputy Clerk
                                                    (313) 234-5522